UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALAH DADO,

                Petitioner,

                                        CASE NO. 2:08-CV-10506
v.                                    HONORABLE GEORGE CARAM STEEH

SHELLEY YAMBRICK,

                Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS,
AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**INTRODUCTION**

       Salah Dado ("Petitioner"), a Michigan prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court criminal conviction.  Petitioner was convicted of possession with intent to deliver five to forty-five kilograms of marijuana, Mich. Comp. L. § 333.7401(2)(D)(ii), following a jury trial in the Genesee County Circuit Court. He was sentenced to 90 days in jail and three years of probation in 2005.[1]  In his pleadings, Petitioner asserts that the trial court erred in excluding evidence of third-party guilt and he was denied the right to present a defense at trial.  For the reasons stated, the Court denies the petition for a writ of habeas corpus.  The Court also denies a certificate of appealability and leave to proceed in forma pauperis on appeal.

_____

      [1]Petitioner was discharged from custody shortly after he filed the instant petition.

1

## FACTS AND PROCEDURAL HISTORY

Petitioner's conviction arises from a drug bust at his telecommunications business in

Flint, Michigan on January 9, 2004.  The Michigan Court of Appeals set forth the underlying

facts, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753,

758 (E.D. Mich. 2001), *aff'd.* 41 Fed. Appx. 730 (6th Cir. 2002), as follows:

> On January 9, 2004, the Genesee County Sheriff's Department was conducting surveillance of Matthew Hilton, a suspected drug dealer, when they conducted a traffic stop of the vehicle he was in and found marijuana in the car. The officers arrested Matthew Hilton and his cousin Wilbur Hilton, who was also in the car. Wilbur informed the police that there were quantities of marijuana at Champion Communications, a telecommunications store co-owned by Wilbur and defendant. The officers searched the store with Wilbur's consent. The police found more than five kilograms of marijuana, packaging materials, a digital scale, dryer sheets, three Fila athletic bags, food saver bags, and Ziploc bags. Defendant's fingerprints were found on some of the bags. The officers later searched defendant's home and found a Fila athletic bag similar to the bags found in the store, but it did not contain any illegal substance.

> Defendant arrived at the store while the search was in progress. The police searched him and found $4,699 in cash. Several photographs of defendant were displayed in the store's office. Defendant admitted that he was aware that marijuana was present in the office.

> At trial, the prosecutor sought to qualify Lieutenant Terrence Green as an expert witness on drug trafficking, particularly drug trafficking in Genesee County. Defendant objected, arguing that the officer-in-charge could not testify as an expert witness, that Green's expert testimony was irrelevant because defendant intended to stipulate that the supply of marijuana was intended for distribution, and that Green's testimony would not withstand a *Daubert* analysis. The trial court overruled his objections. Green testified that possession of a large quantity (more than four ounces) of marijuana is indicative of drug trafficking. He stated that other indicators of drug trafficking are possession of packaging material, scales, drug tabulation sheets, food saver bags (to contain the smell), and dryer sheets (to mask the smell).

> Green also testified as a fact witness regarding the surveillance of Matthew Hilton, the arrests of Matthew and Wilbur Hilton, and the search of the store. Green gave a detailed account of all items seized during the search of the store. When Green's review of the tabulation was complete, the prosecutor questioned

him as follows:

> Q. [I]n your opinion as an expert [in the field of drug trafficking], given the evidence that you reviewed here in open court, what does the possession of this marijuana indicate to you? And please explain.

> A. It exhibits distribution. This marijuana is used to distribute to other sellers. I base that on number one, the amount, speaking of over twenty-six pounds. You have the packaging, the dryer sheets, scales, large sums of U.S. currency.

Green testified that the marijuana was packed in quantities of 1-1/2 pounds, which was "[v]ery consistent with trafficking."

On cross-examination, Green stated that Matthew Hilton, the original subject of the investigation, was not charged with any offense related to the supply of [marijuana] found in the Champion Communications store. Green explained, "through my investigation - my thorough investigation I proved that Matthew Hilton had no part in this large amount of marijuana." When defense counsel asked Green whether Wilbur Hilton was charged in this matter, the prosecutor objected on relevance grounds. Defense counsel responded, "Wilbur Hilton was a co-defendant there and I think that it's fair for this jury to know what happened with Wilbur [Hilton]." The trial court sustained the objection.

*People v. Dado*, No. 266962, 2007 WL 778489, *1-2 (Mich. Ct. App. March 15, 2007) (footnote omitted). At the close of trial, Petitioner was convicted and sentenced as set forth above.

Petitioner subsequently filed a motion for a new trial with the Genesee County Circuit Court challenging the fingerprint evidence, which was denied. Petitioner also filed an appeal as of right with the Michigan Court of Appeals asserting that the trial court erred by allowing the investigating police officer to testify as an expert witness and by not allowing him to present evidence of third-party guilt, *i.e.* Wilbur Hilton's criminal proceedings. The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Dado*, No. 266962, 2007 WL 778489 (Mich. Ct. App. March 15, 2007) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Dado*, 480 Mich. 855, 737 N.W.2d

709 (2007).  The court also denied reconsideration.  *People v. Dado*, 480 Mich. 960, 741 N.W.2d

356 (2007).

Petitioner thereafter filed the present habeas petition asserting that the trial court erred

and denied him the right to present a defense by excluding evidence of third-party guilt, *i.e.*,

Wilbur Hilton's criminal proceedings.  Respondent has filed an answer to the petition contending

that it should be denied for lack of merit.

## STANDARD OF REVIEW

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his

habeas petition after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336

(1997).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings unless
> the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable
>        application of, clearly established Federal law, as determined by the
>        Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination
>        of the facts in light of the evidence presented in the State court
>        proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule

that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of

facts that are materially indistinguishable from a decision of [the Supreme] Court and

nevertheless arrives at a result different from [this] precedent.'"  *Mitchell v. Esparza*, 540 U.S.

4

12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

5

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## ANALYSIS

Petitioner's sole claim on habeas review is that the trial court denied him the right to present a defense by excluding evidence of third-party guilt when it refused to allow defense counsel to inquire into Wilbur Hilton's criminal proceedings. Respondent contends that this claim lacks merit.

The Michigan Court of Appeals denied relief on this claim, stating as follows:

Defendant next argues that the trial court erred in excluding testimony regarding the disposition of charges against Wilbur Hilton, who had pleaded guilty to a reduced charge of possession with intent to deliver a smaller quantity of marijuana found in the car. Defendant argues that the evidence of third-party guilt was relevant to the question of defendant's innocence, because Hilton's conviction suggested that Wilbur Hilton, not defendant, possessed the marijuana in question. Defendant expands on this issue by claiming that Hilton's additional charge for possession of the marijuana found in the store-a charge that was later dismissed-was relevant to the question of defendant's guilt.

In *People v. Lytal*, 415 Mich 603, 612; 329 NW2d 738 (1982), our Supreme Court stated that "[i]t is an established rule of law that the conviction of another person involved in the criminal enterprise is not admissible at defendant's separate trial." As support for this principle, the Court cited *People v. Crawl*, 401 Mich 1, 33; 257 NW2d 86 (1977) (Levin, J.), which states that an accomplice's guilty plea or trial conviction "is not admissible against another person." (Emphasis added.) The purpose of this rule is to protect a defendant from unfair prejudice that would inure from evidence that a codefendant has already been adjudicated guilty. Accordingly, a defendant may introduce evidence of a codefendant's guilty plea as exculpatory evidence.

Nonetheless, the trial court properly excluded the evidence of Wilbur Hilton's guilty plea. Relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401; *see also People v. Aldrich*, 246 Mich App 101, 114; 631 NW2d 67 (2001).

6

>Generally, all relevant evidence is admissible, unless otherwise dictated by law, and evidence that is not relevant is not admissible. MRE 402; *Aldrich, supra* at 114. Hilton's guilty plea did not relate to the marijuana found in the store, but rather arose from the marijuana found in the car during the traffic stop. Because defendant was not charged with any offense involving the marijuana found during the earlier traffic stop, Wilbur's plea-based conviction arising from that stop was not relevant, and introducing evidence of it may have misled the jury. *See* MRE 403. Additionally, the trial court did not commit an error requiring reversal in disallowing the evidence that Wilbur Hilton had been charged in connection with the marijuana found at the store. Hilton was merely charged with possessing this marijuana and not convicted of possessing it. Evidence of the charge was only marginally relevant and was likely to have misled the jury. *See* MRE 403. We simply cannot conclude that the trial court abused its discretion in disallowing the evidence.

*See Dado*, 2007 WL 778489 at *3-4.

As an initial matter, the Court notes that to the extent that Petitioner asserts a violation of state evidentiary law, he is not entitled to federal habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See, e.g., Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dept. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003); *Clemmons v. Sowders*, 34 F.3d 352, 356 (6th Cir. 1994).

Petitioner, however, does assert a violation of his constitutional right to present a defense. Because the Michigan Court of Appeals did not specifically address whether the alleged error constituted a denial of Petitioner's federal constitutional rights, the deference due under 28 U.S.C. § 2254(d) does not apply, and habeas review of this claim is *de novo*. *See*

7

*Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)).

The right of the accused to present a defense has long been recognized as "a fundamental element of due process." *Washington v. Texas,* 388 U.S. 14, 19 (1967).  However, "a defendant's right to present evidence is not unlimited, but rather is subject to reasonable restrictions." *United States v. Scheffer*, 523 U.S. 303, 308 (1998).  As explained by the Supreme Court, "well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury .... [T]he Constitution permits judges "to exclude evidence that is 'repetitive ...only marginally relevant' or poses an undue risk of 'harassment, prejudice, [or] confusion of the issues.'" *Holmes v. South Carolina*, 547 U.S. 319, 326-27 (2006) (citations omitted).  Excluded evidence violates the right to present a defense only if the exclusion is arbitrary or disproportionate to the purpose it was designed to serve or infringes on a weighty interest of the accused.  *Scheffer*, 523 U.S. at 308.  In determining whether the exclusion of evidence infringes upon a defendant's rights, the question is not whether the excluded evidence would have caused the jury to reach a different result.  Rather, the question is whether the defendant was afforded "a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)); *see also Chambers v. Mississippi*, 410 U.S. 284, 302 (1973).

Petitioner has not established that the state court violated his confrontation rights by excluding the evidence of Wilbur Hilton's plea and dismissed charges.  The trial court's ruling was reasonable and meant to preclude the admission of irrelevant and/or misleading information

8

and to prevent jury confusion.  Wilbur Hilton did not testify at trial.  His plea was irrelevant because it concerned the drugs found in the car during the traffic stop, not those found at the business.  The fact that Wilbur Hilton was initially charged with possession of the drugs at the business, while somewhat relevant, could have led to jury confusion, particularly since the charge was dismissed.  Further, such information was not exculpatory because both Petitioner and Wilbur Hilton could have jointly possessed the marijuana found at the business.  *See, e.g., People v. Hill*, 433 Mich. 464, 470, 446 N.W.2d 140 (1989).  Petitioner has not shown that he was denied a meaningful opportunity to present a defense by the exclusion of the testimony.  The jury was well aware of Matthew Hilton's and Wilbur Hilton's roles in the events leading to Petitioner's arrest and prosecution given the police testimony presented at trial.  Defense counsel was clearly able to argue and did argue that the Hiltons were drug dealers and that marijuana found at the business belonged to them, rather than Petitioner.  Petitioner has failed to establish that the trial court's ruling violated his right to present a defense or otherwise rendered his trial fundamentally unfair.

Moreover, even assuming that the state court violated  Petitioner's constitutional rights, Petitioner is not entitled to relief.  For purposes of federal habeas review, a constitutional error that implicates trial procedures is considered harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict."  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also Fry v. Pliler*, 551 U.S. 112, 117-18 (2007) (confirming that *Brecht* standard applies in "virtually all" habeas cases); *O'Neal v. McAninch*, 513 U.S. 432, 445 (1995) (habeas court should grant petition if it has "grave doubt" about whether trial error had substantial and injurious effect or influence upon the jury's verdict); *Ruelas v. Wolfenbarger*,

580 F.3d 403 (6th Cir. 2009) (ruling that *Brecht* is "always the test" in this circuit).

Here, it is highly unlikely that the trial court's refusal to allow inquiry into Wilbur Hilton's criminal proceedings had a substantial and injurious effect on the jury's determination of guilt. The police found a large quantity of marijuana along with packaging materials at a telecommunications business co-owned by Petitioner and Wilbur Hilton. Petitioner admitted knowing that the marijuana was present in one of the offices and his fingerprints were found on some of the packaging materials. A Fila bag found at Petitioner's home was the same as several found at the business. The police also recovered thousands of dollars in cash from Petitioner at the time of his arrest. Such facts provided significant evidence of Petitioner's guilt of the charged offense of possession with intent to distribute five to forty-five kilograms of marijuana. Even if the jury knew that Wilbur Hilton had pled guilty to possessing the marijuana in the car and had initially been charged regarding the marijuana at the business, the jury could have still reasonably convicted Petitioner of possession with intent to distribute the marijuana at the business as the two men could have had joint possession of the large quantity of marijuana found at the business. Evidence of Wilbur Hilton's plea and/or charges did not exonerate Petitioner. Even if the trial court erred in excluding such evidence, the error was harmless beyond a reasonable doubt. Habeas relief is not warranted.

## CONCLUSION

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claim presented in his petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's dispositive decision, a certificate of

appealability ("COA") must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims.  *Id.* at 336-37.

Having considered the matter, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claim.  The Court therefore **DENIES** a certificate of appealability.  The Court also concludes that any appeal would be frivolous.  *See* Fed. R. App. P. 24(a).  The Court therefore **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

Dated:  November 3, 2009

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

| CERTIFICATE OF SERVICE |
|---|
| Copies of this Order were served upon attorneys of record on November 3, 2009, by electronic and/or ordinary mail. |
| S/Josephine Chaffee |
| Deputy Clerk |

12